# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br>vs.<br>JOSE YBARRA,<br>　　　　　　　　Defendant. | CASE NO. 11CR4560-LAB<br><br>ORDER GRANTING REDUCTION IN SENTENCE PURSUANT TO 18 U.S.C. § 3582(c) |

　　The parties have filed a Joint Application for Sentence Reduction in this case pursuant to Amendment 782 of the United States Sentencing Guidelines and the provisions of 18 U.S.C. § 3582(c)(2). The Court has now reviewed the sentencing transcript, which reflects that the defendant was originally subject to a mandatory minimum sentence of 120 months. Based on the Government's motion representing that the defendant had provided substantial assistance, the Court imposed a 97-month sentence. Because no other departure or variance figured into the defendant's original sentence, he is eligible to have his sentence reduced under § 3582(c)(2).

　　The sentencing transcript reveals that the Court reluctantly imposed the original 97-month sentence because it found that Mr. Ybarra presented substantial equities in support of the imposition of a shorter sentence. But the Court was stuck: it couldn't fully credit those equities because only Ybarra's substantial assistance could be considered in determining the extent of the departure. *United States v. Wipf*, 620 F.3d 1168, 1171 (9th Cir. 2010). That

restriction no longer applies. *See* USSG § 1B1.10(c) (amended guideline range shall be determined without regard to the operation of § 5G1.1). The Court has reconsidered Mr. Ybarra's sentence in light of all of the relevant sentencing factors listed in 18 U.S.C. § 3553(a), and finds that a sentence of 78 months is warranted and equitable.

The defendant's sentence is reduced to 78 months. All other provisions of his original sentence remain the same.

**IT IS SO ORDERED.**

DATED:  11-3-15

HONORABLE LARRY ALAN BURNS
United States District Judge